IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD MARTINEZ,

        Plaintiff

v.                                                  No. CV 02-0175 MCA/RHS.

ROBERT MURRAY,

        Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Plaintiff's Request to Issue a Preliminary Injunction and /or a Temporary Restraining Order, filed January 15, 2004 [Doc. No. 39], Plaintiff's Motion to Amend Civil Rights Complaint to Include Additional Defendants, filed August 12, 2003 [Doc. No. 35 ], and Defendant's Motion to Dismiss on the Ground of Eleventh Amendment Immunity, filed July 24, 2003 [Doc. No. 32]. The Court recommends that the Motion to Dismiss on the Ground of Eleventh Amendment Immunity be granted and that the remaining motions be denied.

Richard Martinez filed his *pro se* civil rights complaint alleging violations of his due process rights, cruel and unusual punishment, ex post facto enhancement of his sentence and defective parole procedures. Plaintiff was convicted of first degree murder and sentenced to life imprisonment at a time when New Mexico law provided for "indeterminate" sentencing, including indeterminate parole. New Mexico has since adopted "determinate" sentencing. Plaintiff argues

1

that the New Mexico Probation and Parole Act, N.M. Stat. Ann. §§31-21-3 to 19 creates an entitlement to determinate parole and that his parole term should therefore have ended before he was found in violation of his parole and re-incarcerated. He also claims that the Parole Board should be enjoined from placing him in the community corrections program because he was convicted prior to the enactment of that program and placement in that program would violate the ex post facto clause of the constitution.

On May 24, 2002, the Court dismissed Plaintiff's claims against all the defendants with the exception of Robert Murray, in his official capacity as Chairman of the New Mexico Parole Board. [Doc. 7]. Defendant Murray moves to dismiss the remaining claims on the ground of Eleventh Amendment Immunity.

**Eleventh Amendment Immunity**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." "Though the text of the Amendment does not expressly so provide, the Supreme Court has interpreted the Amendment to apply to federal question suits against a State brought in federal court by the State's own citizens." Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1195 (10th Cir.1999) (citing Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267-68, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997)). The Eleventh Amendment generally bars suits in federal court seeking damages against states and employees acting in their official capacity. Bishop v. Doe I, 902 F.2d 809, 810 (10th Cir.), cert. denied., 498 U.S. 873 (1990).

The Supreme Court has recognized two exceptions to the Eleventh Amendment: (1) the

state may consent to be sued; or (2) in certain circumstances Congress may clearly and expressly abrogate a state's immunity.  See  ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1190 (10th Cir.1998).   Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), provides a third route by which a party may obtain relief against a state agency in federal court.  The Ex parte Young doctrine holds that the Eleventh Amendment generally does not stand as a bar to suits in which a party seeks only prospective equitable relief against a state official.  See id. at 159-60, 28 S.Ct. 441.

Ex parte Young recognizes an exception to Eleventh Amendment immunity under which a state officer may be enjoined from "taking any steps towards the enforcement of an unconstitutional enactment, to the injury  of complainant."  209 U.S. at 159, 28 S.Ct. 441.   The exception enables federal courts "to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.' "  Pennhurst State Sch & Hosp.  v. Halderman, 465 U.S. 89, 105, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (quoting Ex parte Young, 209 U.S. at 160, 28 S.Ct. 441).  The Ex parte Young exception, however, is a narrow one.  First, there must be an "ongoing violation of federal law." Johns v. Stewart, 57 F.3d 1544, 1552 (10th Cir. 1995).  Second, "[i]t applies only to prospective relief" and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past.  Puerto Rico Aqueduct v. Metcalf & Eddy, Inc., 506 U.S. 139,  146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).   Third, it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought."  Buchwald v. Univ. of New Mexico Sch. of Med., 159 F.3d 487, 495 n.6 (10th Cir. 1998).  Finally, it is not applied in cases seeking prospective equitable relief when that relief " 'implicates special sovereignty interests' " of the state. ANR  Pipeline Co. v. Lafaver, 150 F.3d

3

1178, 1190 (10th Cir.1998) (quoting Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997)).

All claims for monetary damages against the state, its agencies, or its officers acting in their official capacities in this case have previously been dismissed . See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Griess v. Colo., 841 F.2d 1042, 1043-44 (10th Cir. 1988). Although officials acting in their official capacities generally are not "persons" under § 1983, see Will, 491 U.S. 58, 71 (1989); McLaughlin v. Bd. of Trustees of State Colleges of Colo., 215 F.3d 1168 (10th Cir. 2000), an exception to this rule exists pursuant to the Ex parte Young doctrine if the official has been sued for prospective equitable relief. Equitable relief on all claims which do not involve prospective injunctive relief is unavailable, Johns, 57 F.3d at 1552, and the Court recommends that those claims be dismissed.

**Indeterminate parole**

The New Mexico Supreme Court has decided that N.M. Stat. Ann. §31-21-10 (determinate sentencing) applies only to persons (unlike Plaintiff) whose crimes were committed on or after February 22, 1980. Quintana v. New Mexico Dept. of Corrections, 100 N.M. 224, 226-27, 668 P.2d 1103-04 (1983). In a case involving a habeas petition brought by an inmate who was sentenced under the indeterminate rules prior to the change in New Mexico law, the Tenth Circuit held that a parolee who claimed the right to a determinate term of parole under the amended statute could not establish a liberty interest in support of his due process claim. Helker v. Shanks, 47 F.3d 1065 (10th Cir. 1995). Although this case is brought pursuant to 42 U.S.C. §1983, not §2254, the Helker analysis provides support for the Parole Board's refusal to apply the amended statute to Plaintiff's parole term. Plaintiff's claims do not implicate a constitutionally protected

4

interest and thus fail to meet the initial Ex parte Young test.  Defendant Murray is therefore entitled to Eleventh Amendment immunity with respect to Plaintiff's claims for prospective relief from application of the indeterminate parole rules and the Court recommends that those claims be dismissed.

**Motion for Preliminary Injunction and/or Temporary Restraining Order**

Plaintiff seeks a preliminary injunction preventing the parole board from placing him in the Community Corrections Program ("the program")on his release from prison.  Mr. Martinez claims that requiring him to participate in the program violates the Ex Post Facto Clause of the constitution because he was convicted prior to the enactment of the program.

The Ex Post Facto Clause applies when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime. See Lynce v. Mathis, 519 U.S. 433, 117 S. Ct. 891, 896 (1997).  Plaintiff, in his prayer for relief, asks that Defendant Murray be enjoined from demanding that Mr. Martinez participate in the program as a condition of his parole.

Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social and Rehabilitative Serv., 31 F. 3d 1536, 1543 (10th Cir. 1994) (internal punctuation omitted ). A party seeking preliminary injunctive relief must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in absence of an injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. Id., at 1542-43.

Under the applicable indeterminate sentencing law, the parole board could simply refuse to

5

release Plaintiff. Consequently, Mr Martinez cannot show a substantial likelihood that he would prevail on the merits of his argument that release from prison on parole, even with highly structured supervision and stringent reporting requirements, is an unconstitutional enhancement of his sentence. Additionally, he has failed to establish any of the other elements of a claim for injunctive relief. The Court finds no basis for issuing an injunction in this case and recommends that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order be denied.

**Motion to Amend Complaint**

Plaintiff seeks to amend his complaint to add a claim for violation of the prohibition against cruel and unusual punishment and to add several additional state employees as defendants. Whether to grant a party an opportunity to amend a pleading rests within the Court's discretion. Foman v. Davis, 371 U. S. 178, 182 (1962). The Court should freely give leave to amend in the absence of a good reason not to allow amendment and when justice so requires. Id.; Fed. R. Civ. P. 15( a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Id.

A court may deny a motion to amend for any of a variety of different reasons, including a party's undue delay; bad faith or dilatory motive on the movant's part; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; and futility of the amendment. Id.. A proposed amendment is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss for failure to state a claim. Watson v. Beckel, 242 F. 3d 1237,1239-1240 (10th Cir. 2001); Gohier v. Enright, 186 F. 3d 1216, 1218 (10th Cir. 1999).The Court has reviewed the entire file and finds that the proposed

amended complaint would not survive either a motion to dismiss or a motion for summary judgment and therefore would be futile.

### Recommendation

The Court recommends that Plaintiff's Request to Issue a Preliminary Injunction and/or a Temporary Restraining Order [Doc. No. 39] be DENIED, that Plaintiff's Motion to Amend Civil Rights Complaint to Include Additional Defendants [Doc. No. 35] be DENIED and that Defendant's Motion to Dismiss on the Ground of Eleventh Amendment Immunity [Doc. No. 11] be GRANTED and that this case be DISMISSED WITH PREJUDICE.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE