# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD MARTINEZ,

        Plaintiff,

vs.                                                Civil No. 02-175 MCA/RHS

ROBERT MURRAY.,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

THIS MATTER comes before the Court on Plaintiff's "Motion for Relief from Judgment" ("Motion"), filed June 10, 2005 **[Doc. 49]**. Mr. Martinez is proceeding *pro se*. On March 8, 2004, this Court dismissed Mr. Martinez's complaint. (See **[Docs. 44, 45]**.) On March 17, 2004, Mr. Martinez filed a Notice of Appeal. (See **[Doc. 46]**.) On June 25, 2004, the United States Court of Appeals for the Tenth Circuit dismissed Mr. Martinez's appeal for lack of prosecution. (See **[Doc. 48]** (filed in this Court on June 29, 2004).) In its dismissal, the Tenth Circuit Court neither remanded the case to the District Court, nor issued any ministerial dictates authorizing this Court to alter its judgment.

It is not entirely clear from the Motion whether Mr. Martinez seeks to alter or amend the underlying judgment in the District Court, or whether he seeks to pursue his appeal in the Tenth Circuit.[1] To the extent that Mr. Martinez seeks to alter the underlying judgment, this Court has

---

[1] For example, although the Motion is captioned "United States Court of Appeals for the Tenth Circuit," it was filed in the District Court for the District of New Mexico and is titled

no power to do so.[2] Similarly, this Court lacks the authority to permit Mr. Martinez to "amend his complaint." (Motion at 4.) Thus, Mr. Martinez's Motion should be denied to the extent that he seeks to re-argue the merits of the underlying judgment and/or amend his complaint. However, to the extent that Mr. Martinez's Motion constitutes a request for relief from the dismissal of his appeal on June 25, 2004 **[Doc. 48]**, it should be forwarded to the United States Court of Appeals for the Tenth Circuit for consideration.

*Recommended Disposition*

The Court recommends that Plaintiff's Motion be denied, on the basis that this Court is not authorized to grant the relief requested. To the extent that Plaintiff's Motion seeks relief from the dismissal of his appeal on June 25, 2004 **[Doc. 48]**, it should be forwarded to the United States Court of Appeals for the Tenth Circuit for consideration.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten

---

"Motion for Relief from Judgment." (Motion at 1.)

[2]See Hartzell v. Honda Motor Co. LTD, 930 F.2d 33, 1991 WL 50540 (10th Cir. Apr. 8, 1991) (unpublished disposition) (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978)). "Following appellate disposition, . . . the judgment is no longer subject to district court amendment beyond the ministerial dictates of the mandate, which encompasses the full scope of jurisdictional power granted to the district court on remand." Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America, 962 F.2d 1528, 1534 (10th Cir. 1992) (explaining that "Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations").

day period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.

                    *Robert Hayes Scott*
                    ROBERT HAYES SCOTT
                    UNITED STATES MAGISTRATE JUDGE